# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-00214-MR-DLH

| | |
|---|---|
| DAVID A. BARDES, individually, as a taxpayer, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>L. PATRICK AULD, Magistrate Judge, )<br>CATHERINE C. EAGLES, District )<br>Judge, PATRICK MICHAEL DUFFY, )<br>Senior U.S. District Judge, ROBERT )<br>CARR, Ex-Magistrate Judge, in their )<br>individual and official capacities, )<br>THE US COURTS, THE UNITED )<br>STATES OF AMERICA, THE US )<br>DEPARTMENT OF JUSTICE, and )<br>JOHN AND JANE DOES, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court *sua sponte*.

The Plaintiff brings this action against U.S. Magistrate Judge L. Patrick Auld, U.S. District Judge Catherine C. Eagles, U.S. District Judge Patrick Michael Duffy, U.S. Magistrate Judge Robert Carr, the United States Courts, the United States of America, the U.S. Department of Justice, and John and Jane Does pursuant to 42 U.S.C. §§ 1983 and § 1985, seeking damages for

injuries he allegedly sustained as a result of "brutal hypothermic torture" that he claims occurred while he was being held as a detainee in the Charleston County Detention Center in Charleston, South Carolina. [Doc. 1]. The Plaintiff, acknowledging that he has filed several lawsuits regarding this matter in the past, complains that the judges named as defendants herein wrongfully dismissed his actions and that these judges should "be prosecuted for crimes and imprisoned." [Id. at 4].

Because the Plaintiff has paid the $400 fee associated with the filing of this action, the statutory screening procedure authorized under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2), is not applicable. Nevertheless, the Court has inherent authority to dismiss a frivolous complaint *sua sponte.* See Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid") (citing Mallard v. United States Dist. Ct. for S.D. of Iowa, 490 U.S. 296, 307-08 (1989)).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 827, 104 L.Ed.2d 338 (1989); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("Legally frivolous claims are based on an 'indisputedly meritless legal

theory' and including 'claims of infringement of a legal interest which clearly does not exist.'").

The Plaintiff has filed at least three separate federal civil actions based on the same allegations which form the basis of the Plaintiff's present suit. See Bardes v. Margera, No. 2:08-cv-00487-PMD (D.S.C.); Bardes v. South Carolina, No. 2:10-cv-00559-PMD (D.S.C.); and Bardes v. South Carolina, No. 1:11-cv-00999-CCE-LPA (M.D.N.C.). The Plaintiff's first action was dismissed on its merits, and the subsequent actions were dismissed under the principles of res judicata/collateral estoppel. For the same reasons and based on the same authority cited in those decisions, the doctrines of res judicata and collateral estoppel also bar the Plaintiff from re-litigating those issues in this case. "The patency of these barriers to this action renders it legally frivolous." Bardes v. South Carolina, No. 1:11-cv-00999-CCE-LPA, 2013 WL 3864405, at *2 (M.D.N.C. July 24, 2013).

To the extent that the Complaint raises any claims not barred by res judicata/collateral estoppel, this case remains subject to dismissal under the doctrine of judicial immunity.[1]  Judicial officers are entitled to absolute

---

[1] While the Plaintiff names the United States of America, the United States Department of Justice, and "John and Jane Does" as defendants, the Plaintiff makes no specific allegations in his Complaint as to these named parties.

immunity for acts performed in their judicial capacity. Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987). While judicial immunity does not exist where a judicial officer "acts in the clear absence of all jurisdiction," see id., no such absence of jurisdiction is alleged or evident here. Accordingly, the Plaintiff's claims against the Judges Auld, Eagles, Duffy, and Carr are barred by the doctrine of judicial immunity and therefore are dismissed.

For the reasons stated herein, the Court concludes that the Plaintiff's Complaint is frivolous and therefore subject to dismissal with prejudice.

**IT IS, THEREORE, ORDERED** that the Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Signed: October 2, 2015

Martin Reidinger
United States District Judge